UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|                                                    |   |                    |
|----------------------------------------------------|---|--------------------|
| DUANE BEDFORD,                                     | : |                    |
|       Petitioner,   | : |                    |
|                                                    | : |                    |
| v.                                                 | : | No. 2:16-cv-02948  |
|                                                    | : |                    |
| SUPERINTENDENT, SCI RETREAT;                       | : |                    |
| THE ATTORNEY GENERAL OF THE                        | : |                    |
| STATE OF PENNSYLVANIA; and                         | : |                    |
| THE DISTRICT ATTORNEY OF THE                       | : |                    |
| COUNTY OF PHILADELPHIA,                            | : |                    |
|       Respondents.  | : |                    |

## O P I N I O N

**Petition for Writ of Habeas Corpus, ECF No. 1----------------------------- Denied and Dismissed**
**Report and Recommendation, ECF No. 18-------------------------------- Approved and Adopted**
**Petitioner's Objections to the Report and Recommendation, ECF No. 20 ---------- Overruled**

**Joseph F. Leeson, Jr.**                                                                                **August 29, 2019**
**United States District Judge**

### I. INTRODUCTION

Petitioner Duane Bedford filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Court of Common Pleas of Philadelphia County for murder in the first degree and possession of an instrument of crime. United States Magistrate Judge Marilyn Heffley prepared a Report and Recommendation (R&R) which recommends that Petitioner's petition be denied and dismissed. Petitioner filed objections. After de novo review, this Court adopts the R&R in full as explained herein, overrules Petitioner's objections, and denies and dismisses the habeas petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

A jury in the Philadelphia County Court of Common Pleas convicted Petitioner on August 22, 2008, of murder in the first degree, 18 Pa. Cons. Stat. § 2502(a), and possession of an instrument of crime, *id*. § 907(a). He was sentenced to life in prison without the possibility of parole for the murder conviction, and to two and one-half to five months in prison for the possession of an instrument of crime charge, with the sentences to run concurrently. The conviction and sentence were affirmed on direct appeal.[1]

Petitioner timely sought relief under Pennsylvania's Post-Conviction Collateral Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-9551. The PCRA court denied relief and the Superior Court of Pennsylvania affirmed that decision on appeal. Then, Petitioner timely filed the instant counseled habeas corpus petition raising five claims. After considering Petitioner's habeas corpus petition, Judge Heffley concluded that the claims lack merit or are procedurally defaulted and recommended that the petition be denied and dismissed. R&R, ECF No. 18. Petitioner objects to Judge Heffley's R&R. Obj., ECF No. 20. The Court considers those objections below.[2]

---

[1] A three-judge panel of the Superior Court of Pennsylvania originally vacated the conviction and sentence and remanded the matter for a new trial. *Commonwealth v. Bedford*, 50 A.3d 707, 710 (Pa. Super. Ct. 2012). After *en banc* reconsideration, the Superior Court of Pennsylvania affirmed the conviction and sentence. *Id*. at 717. Where, as in situations like this, reargument *en banc* is granted, the withdrawn panel opinion is "of no precedential value." *See Commonwealth v. Zugay*, 745 A.2d 639, 650 n.16 (Pa. Super. Ct. 2000).

[2] This Court has conducted de novo review of the R&R and all of Petitioner's objections but writes separately only to address certain objections. *See Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016) (holding that district courts are not required to make separate findings or conclusions when reviewing an R&R).

## III. LEGAL STANDARD

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## IV. ANALYSIS

This Court conducted de novo review of the R&R and all of Petitioner's objections. The Court writes separately to address four objections. *See Hill*, 655 F. App'x. at 147 (holding that district courts are not required to make separate findings or conclusions when reviewing an R&R). After review, this Court adopts the R&R in full, overrules Petitioner's objections, and denies and dismisses the habeas petition.

### 1. Objection to R&R's factual summary

First, Petitioner objects generally to the factual summary in the R&R, arguing that it is "totally and completely distorted and unrealistic in the context of a habeas corpus petition." *See* Obj. 1-4. Judge Heffley quoted this summary directly from the Superior Court of Pennsylvania's *en banc* decision dated May 31, 2012. R&R 2 (quoting *Commonwealth v. Bedford*, 50 A.3d 707 (Pa. Super. Ct. 2012)). This Court has reviewed the factual summary in the R&R, considered Petitioner's objection, and the allegedly omitted facts and testimony to which Petitioner refers. After review, the Court does not find the summary to be misleading, let alone erroneous. *See* 28

U.S.C. § 2254(e)(1) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct"); *Gibbs v. Diguglielmo*, No. 09-4766, 2015 U.S. Dist. LEXIS 1285, at *7-8 (E.D. Pa. Jan. 5, 2015) ("A petitioner faces a high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim. The prisoner bears the burden of rebutting the state court's factual findings by clear and convincing evidence."). Moreover, the allegedly omitted facts, such as testimony of Ebony Byrd and Gwendolyn Samuels, Frances Quitman's drug use, alleged evidence of a struggle, and alleged contradictory testimony, do not alter this Court's determination on the habeas claims.[3] *See* 28 U.S.C. § 2254(d)(2) (providing that relief under § 2254 "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"); *Locke v. Kauffman*, No. 15-520, 2016 U.S. Dist. LEXIS 9269, at *8 (E.D. Pa. Jan. 26, 2016) (holding that a "decision adjudicated on the merits in a state court that is based on a factual determination will not be overturned on factual grounds unless deemed to be

---

[3] That the R&R does not include references to every witnesses' testimony or the specific testimony Petitioner references does not affect this Court's analysis. Ebony Byrd testified that she saw Petitioner on a bus in the end of May 2006. Trial Tr. Vol. 4, 43 (August 20, 2008). She could not state with specificity the exact day or time on which she came into contact with Petitioner. *Id*. She testified, however, that Petitioner's face was swollen, and his lip was cut. *Id*. She also testified that his hands looked bruised. *Id*. While Byrd's testimony could support Petitioner's self-defense argument it does not definitely indicate such. Moreover, it contradicts Petitioner's testimony at trial that he could only defend himself from the victim's attack. *See* Trial Tr. Vol. 4, 85-86 (August 20, 2008). Bruising on Petitioner's hands would indicate that he did more than just defend himself from oncoming attack. As for Gwendolyn Samuels' testimony, she testified that on the night of the crime, immediately after hearing gunshots, she heard a grill turning over. Trial Tr. Vol. 3, 24 (August 18, 2008). This testimony contradicts Petitioner's testimony that there was an altercation before the shooting and only suggests the grill was turned over after the shooting. Petitioner's argument that either of this testimony contradicts the R&R's conclusions or would somehow fundamentally change the R&R's conclusion is misguided.

objectively unreasonable[4] in light of the evidence presented in the state court proceeding"). This objection is therefore overruled for the reasons set forth in the R&R.

2. **Objection to the R&R's conclusion with respect to Petitioner's claim for ineffective assistance of trial counsel as it relates to his appeal**

Next Petitioner objects to the R&R's conclusion that Petitioner's claim that trial counsel's failure to properly object to the form of certain testimony at trial provides no basis for relief under the habeas statute. Obj. 8-10. In support of his habeas petition, Petitioner had argued that trial counsel's failure to object to the form of certain testimony prejudiced the outcome of his direct appeal. With respect to the R&R's conclusion, Petitioner's objection is not easily understood and largely consists of references to other cases without clear explanations as to how those cases relate to the facts of his case. In sum, it appears from his argument that Petitioner objects to the R&R's conclusion that this claim provides no basis for relief under the habeas statute or is generally confused by Judge Heffley's interpretation of the relevant body of law. Upon de novo review, however, this Court agrees with Judge Heffley's analysis and conclusion that there is no basis for relief under the habeas statute. Therefore, this objection is overruled.

3. **Objection to Judge Heffley's analysis regarding Petitioner's claim that trial counsel was ineffective in failing to conduct a reasonable pretrial investigation**

Petitioner also objects to Judge Heffley's analysis of his claim that trial counsel was ineffective in failing to conduct a reasonable pretrial investigation. Obj. 10-13. Petitioner argues that Judge Heffley failed to consider the "new evidence" that the murder victim had several convictions for crimes of violence, and there was a reasonable probability that the jury would not have convicted Petitioner. As further part of this objection, Petitioner specifically objects to

---

[4]    *See Locke*, 2016 U.S. Dist. LEXIS 9269, at *8 ("[A]n unreasonable factual determination occurs where a state court erroneously finds facts that lack any support in the record.").

footnote nine of the R&R. Obj. 13. In footnote nine, Judge Heffley comments on Petitioner's argument that discovery of additional impeachment evidence would have changed the outcome at trial. Judge Heffley distinguishes the facts of Petitioner's case from those of a case on which Petitioner relies, *Grant v. Lockett*, 709 F.3d 224 (3d Cir. 2013).

The Court reviewed this objection de novo and agrees with Judge Heffley's analysis. Petitioner's objection that Judge Heffley failed to consider the "new evidence" is meritless. Judge Heffley specifically discussed this additional evidence and found that it would not have changed the outcome of the trial. *See* R&R 21-22. ("Thus, the weight of the physical evidence and witness testimony undermining [Petitioner]'s self-defense version of events further demonstrates that, even if a proper objection could have precluded testimony of the victim's nonviolent nature, trial counsel making that objection would not have created a reasonable probability of a different outcome."). With respect to Petitioner's objection to footnote nine of the R&R, the facts of Petitioner's case are distinguishable from *Grant*.

In *Grant*, the United States Court of Appeals for the Third Circuit granted a petitioner's claim that trial counsel provided ineffective assistance in failing to adequately investigate the criminal history and parole status of "the *only* witness to identify [the petitioner] as the shooter or otherwise directly implicate [the petitioner] in the incident." *Grant*, 709 F.3d at 236 (emphasis in original). The witnesses' credibility was "the indispensable lynchpin of the Commonwealth's case." *Id*. at 237. Here, the murder victim's upstanding character and peaceful nature was not the cornerstone of the Commonwealth's case. It may be redundant to state, but the murder victim is, in fact, deceased and did not testify at all.

Indeed, there was physical evidence and witness testimony that undermined Petitioner's self-defense justification. As Judge Heffley discussed, *see* R&R 13-15, at trial, Petitioner

testified that the victim was the aggressor and had struck Petitioner in the back of the head with a heavy metal object. Trial Tr. Vol. 4, 84-86 (August 20, 2008). But the forensic pathology expert and medical examiner who performed the autopsy of the victim, Dr. Gregory McDonald, testified that there were no indications the victim had been involved in a physical alteration of any kind prior to his death. Trial Tr. Vol. 1, 68-69 (August 19, 2008). Moreover, Dr. McDonald further testified that there was no gunpowder stippling on the victim's body. *Id*. at 63. This indicated to him that the gun was more than three feet away from the victim when fired. *Id*. Further undermining Petitioner's self-defense argument, witnesses who were near the scene of the crime, testified that they did not hear any sounds of a struggle or altercation before hearing the sounds of gunfire. Trial Tr. Vol. 2, 81 (August 15, 2008) (testimony of Andre Johnson); Trial Tr. Vol. 3, 129-30 (August 18, 2008) (testimony of Keith Bristo).

All of the above evidence support's Judge Heffley's reasoning and conclusion that the facts of Petitioner's case are distinguishable from *Grant*. There was more evidence undercutting Petitioner's self-defense justification; testimony as to the victim's character and peaceful nature was not the lynchpin of the Commonwealth's case. Therefore, this objection is overruled.

### 4. Objection to Judge Heffley's consideration of the totality of the evidence

In Petitioner's next objection, he claims that Judge Heffley erred by not considering the totality of the evidence, including the evidentiary conflicts and the new evidence, when she applied the two-part *Strickland v. Washington*, 466 U.S. 668 (1984), test and analyzed Petitioner's *Brady v. Maryland*, 373 U.S. 83 (1963), claims. Obj. 5. Petitioner references this objection throughout his brief. *See, e.g.*, Obj. 7, 16, 22. This Court considered this objection and finds that it lacks support. Throughout the R&R, Judge Heffley referenced and considered the physical and testimonial evidence that contradicted Petitioner's claim of self-defense.

The remainder of this objection amounts to disagreements with the language Judge Heffley chose, misunderstanding of her analysis, and to her conclusions. After de novo review this objection is overruled. To the extent that Petitioner generally objects that Judge Heffley erred in not citing every piece of testimony during a six-day trial, *see*, *e.g.*, Obj. 3 ("The statement of facts ignores the quality of the State's witnesses. For example, Ms. Quitman was smoking cocaine when she made her observations."), this objection also fails and is overruled. Federal habeas proceedings are not opportunities for state defendants to retry their cases in federal courts. *See Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989) ("Federal courts do not sit to retry state cases de novo but, rather, to review for violations of federal constitutional standards. (quotations omitted)). Moreover, simply because every fact was not mentioned does not mean that it was not considered or that the outcome would be different. *See* R&R 10-11 ("To satisfy the prejudice prong of the [ineffective assistance of counsel] analysis, a petitioner must demonstrate that counsel's errors were 'so serious as to deprive [petitioner] a fair trial, a trial whose result is reliable.'" (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). This Court reviewed de novo the testimony Petitioner cites in his objections and the entire trial. The totality of the evidence supports Judge Heffley's conclusion that Petitioner cannot show prejudice and this Court concludes similarly: Petitioner cannot show prejudice.

V.   **CONCLUSION**

After applying de novo review, this Court concludes that Judge Heffley correctly determined that the claims in the petition for writ of habeas corpus lack merit or are procedurally defaulted. This Court therefore adopts the recommendation to deny and dismiss the petition. For

8
082919

the reasons set forth herein, the Court finds that reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong.[5] A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[5] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Petitioner has not made a substantial showing of the denial of a constitutional right or that jurists of reason would find it debatable that the procedural rulings are correct, nor would jurists of reason find this Court's assessment of the claims debatable or wrong.